IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(BOWLING GREEN DIVISION)

JOEL D. SPEARS          PLAINTIFF
5377 Happy Valley Road
Cave City, Kentucky 42127

         Case No. __1:15-CV-103-GNS__

v.

         Judge __Greg N. Stivers__

LVNV FUNDING, LLC          DEFENDANTS
15 South Main Street
Greenville, South Carolina 29603

    SERVE:     Corporation Service Company
                      1703 Laurel Street
                      Columbia, South Carolina 29223
                      (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:     CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

    SERVE:     CT Corporation System
                      818 West Seventh Street, 2nd Floor Agent
                      Los Angeles, CA 90017
                      (BY KENTUCKY SECRETARY OF STATE)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Joel D. Spears , by counsel, and for his Verified Complaint against the Defendants, LVNV Funding, LLC ("LVNV"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of LVNV's false reporting to Equifax and Experian of an alleged delinquent debt of the Plaintiff, and Equifax's and Experian's failure to correct LVNV's false reporting on Plaintiff's Equifax and Experian credit reports.

### II. PARTIES

2. Plaintiff, Joel D. Spears, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 5377 Happy Valley Road, Cave City, Kentucky 42127.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, LVNV, is a South Carolina limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 15 South Main Street, Greenville, South Carolina 29603.

5. LVNV is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a limited liability company organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Barren County, Kentucky as a result of the Defendants' doing business in Barren County, Kentucky.

### IV. FACTUAL BACKGROUND

13. Defendant LVNV is a collections agency.

14. In or around 2012, LVNV purchased and/or was assigned debt from HSBC Bank Nevada, N.A. in connection with the repossession of a motorcycle purchased by Plaintiff.

15. Also in 2012, LVNV filed an action against Plaintiff in the Barren Circuit Court styled *LVNV Funding, LLC v. Spears*, Case No. 12-CI-00167 in which LVNV sought damages in connection with the repossession and an alleged deficiency on the resale of the motorcycle.

16. On March 15, 2013, the Barren Circuit Court entered an Order and Judgment on LVNV's Motion to Dismiss the *Spears* matter without prejudice. (*See* 3/15/13 Order and Judgment attached as **Exhibit A**). In response, Mr. Spears argued that LVNV's claims should be dismissed with prejudice. (*See* id.). In the Order and Judgment, the Court ruled that LVNV had 90 days from the date of entry of the Order to produce documentation regarding the sale of the motorcycle or LVNV's claims would be dismissed with prejudice. (*See* id.).

17. On July 15, 2013, the Barren Circuit Court entered an Agreed Order of Dismissal with prejudice of the *Spears* matter. (*See* 7/15/13 Agreed Order of Dismissal, attached as **Exhibit B**). The Agreed Order of Dismissal was executed by Jill A. Keck, Esq., on behalf of LVNV and by Benjamin D. Rogers, Esq., on behalf of Mr. Spears. (*See* id.).

18. In or around August 2014, nearly one year after entry of the Agreed Order of Dismissal, Plaintiff accessed his Equifax and Experian credit reports while Plaintiff was in the process of attempting to obtain mortgage financing and discovered a derogatory entry furnished by LVNV showing the HSBC Bank Nevada collections account with an alleged past due balance of $10,076.

19. Plaintiff immediately filed disputes with Equifax and Experian upon discovery of the LVNV derogatory tradeline.

20. Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified LVNV of the dispute at or within five (5) days of Equifax's and Experian's receiving notice of the disputes from Plaintiff.

21. In or around September 2014, LVNV, Equifax and Experian verified the alleged LVNV collection account.

22. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the

FCRA, LVNV, Equifax, and Experian failed to remove the disputed item from Plaintiff's credit reports. Upon information and belief, LVNV, Equifax, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following LVNV's, Equifax's, Trans and Experian's receipt of Plaintiff's dispute.

23. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged collections account.

## V. CLAIMS

### Negligence – LVNV

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. LVNV's false reporting to Equifax and Experian regarding the alleged collections account was negligent under applicable law. In falsely reporting the alleged collections account, LVNV breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

26. LVNV's false reporting to Equifax and Experian regarding the alleged collections account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. LVNV's false reporting to Equifax and Experian regarding the alleged collections account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

5

through 26 as if fully set forth herein.

28. Equifax's failure to remove LVNV's false report of Plaintiff's alleged LVNV collections account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove the alleged collections account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

29. Equifax's negligent failure to remove LVNV's alleged collections account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

30. Equifax's failure to remove LVNV's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

31. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Experian's failure to remove LVNV's false report of Plaintiff's alleged collections account from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to remove LVNV's false report of Plaintiff's alleged collections account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

33. Experian's negligent failure to remove LVNV's false report of Plaintiff's alleged collections account from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34. Experian's failure to remove LVNV's false report of Plaintiff's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – NCS

35. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. LVNV, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax and Experian credit reports, that Plaintiff has a collection account with LVNV in the amount of $10,076. LVNV's statements were false and were made with conscious disregard for the rights of the Plaintiff.

37. LVNV's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Equifax, with knowledge of the falsity of its statements, has published and continues

7

to publish statements to others, including, but not limited to, LVNV and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a collections account with LVNV in the amount of $10,076. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

40. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a collections account balance with NCS in the amount of $1,206.00. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

42. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – LVNV

43. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44. LVNV's initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged collections account is a violation of LVNV's duties as a furnisher of credit information

pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

45. LVNV's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Equifax's failure to remove the disputed LVNV account from Plaintiff's Equifax credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

48. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Experian's failure to remove the disputed LVNV account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty

to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – LVNV

52. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. LVNV's initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due LVNV account, despite LVNV's knowledge of the falsity of its reporting, is a willful violation of LVNV's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

54. Given LVNV's knowledge of the falsity of its reporting, LVNV's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which LVNV is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

55. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

10

56. Equifax's failure to remove the LVNV account from Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

57. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

58. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

59. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Experian's failure to remove the LVNV account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

62. Experian's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Joel D. Spears, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(Tel) 502.443.1060
(Fax) 502.589.3004
hemmingerlawoffice@gmail.com

## **VERIFICATION**

I, Joel D. Spears, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Joel D. Spears

COMMONWEALTH OF KENTUCKY )
                                                ) SS
COUNTY OF BARREN                )

Subscribed, sworn to and acknowledged before me by Joel D. Spears this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____